IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KYLE KUROSKI,**

    **Petitioner,**

v.                                   **CIVIL ACTION No. 1:20CV153**
                                      **CRIMINAL ACTION No. 1:16CR29**
                                             **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION TO VACATE**

On August 5, 2020, the petitioner, Kyle Kuroski ("Kuroski"), filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. No. 1).[1] For the reasons that follow, the Court **DENIES** Kuroski's § 2255 petition as untimely.

**I. BACKGROUND**

On May 3, 2016, a grand jury sitting in the Northern District of West Virginia indicted Kuroski on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Case No. 1:16CR29, Dkt. No. 1). On June 16, 2016, Kuroski signed a plea agreement in which he stipulated and agreed that he had "knowingly possess[ed] a firearm despite the fact that he was a convicted felon and, therefore, a prohibited person." (Id., Dkt. No. 18 at 5).

---

[1] All docket numbers, unless otherwise noted, refer to Civil Action No. 1:20CV153.

**KUROSKI V. USA**                                        1:20CV153
                                                          1:16CR29

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION TO VACATE**

After considering the testimony of Kenneth Peck, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives, and finding that Kuroski's plea was knowing, voluntary, and freely given, the Court accepted his guilty plea to violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Id., Dkt. No. 19). On October 28, 2016, the Court sentenced Kuroski to a 70 month-period of incarceration to run consecutively to a term of imprisonment previously imposed by the State of West Virginia for a parole violation (Id., Dkt. No. 32). Kuroski's conviction became final on November 11, 2016, fourteen (14) days after entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). Kuroski did not appeal his conviction or sentence.

Long thereafter, on August 5, 2020, Kuroski moved to vacate his sentence under 28 U.S.C. § 2255, contending that his guilty plea must be vacated in light of the Supreme Court's decision in Rehaif v. United States, 139 S.Ct. 2191 (2019) (Dkt. No. 1). On the same day, the Clerk notified Kuroski of his deficient pleading and provided him with a court-approved form for § 2255 motions pursuant to Local Rule of Prisoner Litigation Procedure 3.4 (Dkt. No. 3). Kuroski received this notice on August 7, 2020, and filed his motion on a court-approved form on August 21, 2020 (Dkt. No. 5).

After initially screening Kuroski's motion under the Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court found that the

2

**KUROSKI V. UNITED STATES**                                1:20CV153
                                                            1:16CR29

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION TO VACATE**

motion appeared untimely and provided Kuroski with notice pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that his motion would be dismissed unless he could demonstrate within thirty (30) days that the one-year statute of limitations did not bar his motion (Dkt. No. 6). On November 13, 2020, Kuroski notified the Court that he did not object to dismissal of his petition as untimely (Dkt. No. 8).

## II. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period on motions to vacate. This limitation runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

**KUROSKI V. UNITED STATES**  1:20CV153
                                1:16CR29

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION TO VACATE**

As noted above, for purposes of § 2255, Kuroski's conviction became final on November 11, 2016. See Fed. R. App. P. 4(b)(1)(A)(i). Although the one-year period of limitations under § 2255 expired on November 11, 2017, Kuroski did not file his § 2255 motion to vacate until August 5, 2020 (Dkt. No. 1-1). And while Kuroski does not object to dismissal of his petition on timeliness grounds, the Court finds it appropriate to explain its reasoning given the precedent set by Rehaif v. United States, 139 S.Ct. 2191 (2019).

Kuroski seeks § 2255 relief under Rehaif because it "voids his conviction" and overturned longstanding precedent regarding 18 U.S.C. § 922(g)'s knowledge requirement. Rehaif, however, does not save Kuroski's petition. Unlike the petitioner in Rehaif, Kuroski pleaded guilty to the § 922(g) conviction he now challenges. Moreover, even if Rehaif does apply to guilty pleas, it cannot be argued that the Government's proffer at the plea hearing was insufficient or that Kuroski's stipulation to being a felon in possession of a firearm was not knowingly or voluntarily made. See United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction.").

**KUROSKI V. UNITED STATES**                             **1:20CV153**
                                                         **1:16CR29**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION TO VACATE**

Additionally, Rehaif did not announce a new rule of constitutional law, but instead clarified the requirements of 18 U.S.C. §§ 922(g) and 924(a)(2). In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019). Furthermore, the Supreme Court did not make Rehaif retroactive to cases on collateral review. Id. (citing Tyler v. Cain, 533 U.S. 656, 661-66, 121 S.Ct. 2478 (2001)). Accordingly, Rehaif does not grant Kuroski a fresh statute of limitations clock and the Court **DENIES** his § 2255 motion.

### III. CONCLUSION

For the reasons discussed, the Court **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States, to transmit copies of both orders to Kuroski by certified mail, return receipt requested, and to counsel of record by electronic means, and to strike this case from the Court's active docket.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the

**KUROSKI V. UNITED STATES**                                    1:20CV153
                                                                 1:16CR29

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION TO VACATE**

applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Kuroski has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Kuroski has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

DATED: November 23, 2020.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE